RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE  7 / 30 / 14
       JOB

UNITED STATES DISTRICT COURT                          b

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

BEAUX CORMIER,                    CIVIL ACTION
     Plaintiff                  SECTION "P"
                                  NO. 1:13-CV-00840
VERSUS

JAMIE TREVILLIA, et al.,          JUDGE DEE D. DRELL
     Defendants                 MAGISTRATE JUDGE JAMES D. KIRK

<u>REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE</u>

Before the court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983, in forma pauperis, by pro se plaintiff Beaux Cormier ("Cormier") on April 23, 2013 and amended on May 24, 2013 (Docs. 1, 6). The named defendants are Jamie Trevillia ("Trevillia"), a corrections officer employed at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana, Lance Moore ("Moore"), Warden of the CPCF, and James LeBlanc, the Secretary of the Louisiana Department of Corrections.[1] Cormier contends that, while he was incarcerated in the Concordia Parish Correctional Facility on November 18, 2012, Officer Trevillia

---

[1] Secretary LeBlanc was never served. Cormier did not complete a summons for LeBlanc and no attempt was ever made to effect service. Accordingly, I will recommend that the complaint against Secretary LeBlanc be dismissed without prejudice under Fed.R.Civ.P. 4(m). See <u>McGinnis v. Shalala</u>, 2 F.3d 548, 550 (5th Cir. 1993), cert. den., 510 U.S. 1191, 114 S.Ct. 1293, 127 L.Ed.2d 647 (1994); <u>Systems Signs Supplies v. U.S. Dept. of Justice</u>, 903 F.2d 1011, 1013 (5th Cir. 1990); <u>Kersh v. Derosier</u>, 851 F.2d 1509, 1512 (5th Cir. 1988).

committed a sexual battery on him.  For relief, Cormier asks for a jury trial, and general and punitive damages (Doc. 6).  Cormier alleges that he has exhausted his administrative remedies.

Cormier contends that, on November 18, 2012, when he was getting a meal for Officer Trevillia, Trevillia followed Cormier and grabbed him around the back of the neck with one arm, spit on his hand, and shoved his finger into Cormier's rectum.  Cormier contends that he pulled away and asked Trevillia what he was doing, and Trevillia turned and walked away.

Cormier contends that, on November 19, 2012, he notified the administrative assistant at the CPCF (Sheila Spinner) of the incident, she notified Warden Moore, and he contacted Secretary LeBlanc about the incident.  A Prison Rape Elimination Act ("PREA") procedure was instituted and an investigation was opened; Cormier contends he gave statements (including audio and video) to investigator Jim Bowen (employed at the CPCF) and an unknown detective from the Concordia Parish Sheriff's office.  Cormier contends he was also taken to the hospital (Riverland Medical) by Spinner and Lt. Mike Thornhill.  Cormier contends the doctor noticed the "strangulation" marks on the back of his neck and a picture was taken of the area, he was swabbed for DNA, and his pants, shirt and underwear were bagged and given to the investigating officers, as well as the DNA samples, to be taken to the Baton Rouge Crime Lab (Doc. 6).

2

Cormier contends that, on his return from the hospital, he was placed in administrative segregation for his protection and, on November 27, 2012, he was taken to the David Wade Correctional Center and given a polygraph test which indicated that he was being truthful (Doc. 6).  Afterward, Cormier was returned to the CPCF and placed in administrative segregation again.  Cormier contends he was transferred to the Elayn Hunt Correctional Center on December 3, 2012 (Doc. 6).

Defendants answered the complaint (Doc. 13) and filed a motion for summary judgment with a deposition (Doc. 28), which is opposed by Cormier (Doc. 35).

Cormier named as a defendant, and filled out a summons for, Officer Jamie Truvillia (alternatively "Truevillia") (Docs. 1, 6, 11).  The summons was returned unexecuted because there was no one employed at the CPCF by the name of Jamie Truvillia (Doc. 15). Nevertheless, defense counsel answered the complaint for Jamie Truvillia (Doc. 13).  Defense counsel then filed a motion for summary judgment on behalf of Warden Lance Moore and Officer Jamie "Trujillo," arguing that Trujillo did not commit a sexual battery against Cormier, without any explanation as to the name substitution (Doc. 28).  Defendants also provided a deposition from Thomas Alvin Conway (Doc. 28, Ex. 2), who testified that he was incarcerated at the CPCF in November 2012 and that he was not aware of an officer named "Trujillo" employed at CPCF at that time (Doc.

3

28, Ex. 2, p. 4).   The court assumes that defense counsel discovered that Jamie Trevillia's name is actually Jamie Trujillo. In any event, Jamie Trujillo has voluntarily made an appearance as a defendant in this case.

Defendants' motion for summary judgment is now before the court for disposition.

### Law and Analysis

Rule 56 of the Federal Rules of Civil Procedure mandates that the court shall grant a summary judgment:

> "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials-including the facts considered undisputed-show that the movant is entitled to it; or (4) issue any other appropriate order."

Local Rules 56.1W and 56.2W provide that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

In this regard, the substantive law determines what facts are

4

"material."  A material fact issue exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  However, the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient to preclude summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff.  Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999), 528 U.S. 906, 120 S.Ct. 249 (1999), and cases cited therein.

If the movant produces evidence tending to show that there is no genuine issue of material fact, the nonmovant must then direct the court's attention to evidence in the record sufficient to establish the existence of a genuine issue of material fact for trial.  In this analysis, we review the facts and draw all inferences most favorable to the nonmovant.  Herrera v. Millsap, 862 F.2d 1157, 1159 (5th Cir. 1989).  However, mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment.  Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. den., 506 U.S. 825, 113 S.Ct. 82 (1992).

Warden Moore

Defendants argue that Warden Moore is not liable to Cormier because he cannot be held liable solely in his supervisory capacity.

Cormier has named Warden Moore as a defendant in this case,

apparently in his capacity as a supervisor since he has not made any specific factual allegations which involve Officer Moore in the sexual battery which Cormier alleges was committed against him.

The doctrine of respondeat superior, which makes an employer or supervisor liable for an employee's alleged tort, is unavailable in suits under 42 U.S.C. §1983. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). Well settled §1983 jurisprudence establishes that supervisory officials cannot be held vicariously liable for their subordinates' actions. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivation; or (2) implement unconstitutional policies that causally result in plaintiff's injury. Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. den., 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); Thompkins, 828 F.2d at 303.

Cormier has not alleged or offered any proof of any acts or omissions of Warden Moore, or any unconstitutional policies implemented by Warden Moore, which have deprived Cormier of his constitutional rights. Therefore, defendants' motion for summary judgment should be granted in favor of Warden Moore.

Officer Trujillo

Defendants contend Officer Trujillo is not liable to Cormier because Cormier cannot prove that a sexual battery occurred. To support their argument, defendants submitted the deposition of

6

Thomas Alvin Conway ("Conway"), who was an inmate at CPCF in November 2012, when the incident occurred.

The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. Among unnecessary and wanton inflictions of pain are those that are totally without penological justification.   In making this determination in the context of prison conditions, a court must ascertain whether the officials involved acted with deliberate indifference to the inmates' health or safety.  We may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious.  Hope v. Pelzer, 536 U.S. 730, 737-738, 122 S.Ct. 2508, 2514-2515 (2002), and cases cited therein. Punishment rises to the level of cruel and unusual only if it involves an unnecessary and wanton infliction of pain.  No static test exists that measures whether conditions of confinement are cruel and unusual, for the Eighth Amendment draws its meaning from the evolving standards of decency that mark the progress of a maturing society.  Talib v. Gilley, 138 F.3d 211, 213-14 (5th Cir. 1998).

Conway stated in his deposition that, at CPCF, he was a trustee and Cormier was an indoor worker and that, in August 2013, both Conway and Cormier were incarcerated in the Allen Correctional Center together and recognized each other (Doc. 28, Ex. 2).  Conway stated that, when he was still at CPCF, he heard that Cormier had

gotten into a conflict with a guard (Doc. 28, Ex. 2).  Conway stated that, when he and Cormier were at the Allen Correctional Center, Cormier eventually confessed to him that he had set the guard up (Doc. 28, Ex. 2).

Conway stated in his deposition that Cormier told him he had stolen Trujillo's spit cup, gone into the bathroom and splashed it on his back, his rear end, and his underwear, then he let the guard follow him, per the usual routine, to the room where Cormier prepared the meal plates to get his meal (a room in which there was no camera), then the guard left the room with his meal and Cormier complained to the authorities that he had been sexually assaulted by the guard (Doc. 28, Ex. 2).  Conway also stated that Cormier said he had rubbed and squeezed his own neck hard enough to leave the marks which were noticed in the hospital (Doc. 28, Ex. 2). Conway stated that Cormier said he was not sexually assaulted and that he had pretended to be in order to be transferred to another prison and to get money with which to "set himself up" when he is released from prison (Doc. 28, Ex. 2).

Cormier contends defendants did not send him a copy of Conway's deposition with their motion, but he instead received it from the Clerk of Court (Doc. 35).  Cormier further contends he was not notified of Conway's deposition and was not given an opportunity to cross-examine Conway, and objects to defendants' use of the deposition (Doc. 35).

Federal Rule of Civil Procedure rule 56 does not require anything more than affidavits in support of a motion for summary judgment.  See Hoover v. Switlik Parachute Co., 663 F.2d 964, 966-67 (9th Cir. 1981) (held sworn depositions made on personal knowledge and setting forth facts that are admissible in evidence are the equivalent of affidavits for purposes of Rule 56).  Also, Alexander v. Casino Queen, Inc., 739 F.3d 972, 978 (7th Cir. 2014); Tingey v. Radionics, 193 Fed.Appx. 747, 765-766 (10th Cir. 2006); Vondriska v. Cugno, 368 Fed.Appx. 7, (11th Cir. 2010) (Rule 32 applies to the admissibility of depositions at trials); 8A Wright & Miller, Fed.Prac.&Proc.Civ. § 2142 (3d ed.).  Fed.R.Civ.P. rule 32 governs the admissibility of depositions at trials.  8A Wright & Miller, Fed.Prac.&Proc.Civ. § 2142 (3d ed.).  A deposition is at least as good as an affidavit and should be usable whenever an affidavit would be permissible, even though the conditions of the rule on use of a deposition at trial are not satisfied.  8A Wright & Miller, Fed.Prac.&Proc.Civ. § 2142 (3d ed.).  The use of a deposition in summary judgment proceedings need only satisfy the admissibility requirements under Rule 56 for affidavits: that it is taken under oath, based on personal knowledge, and the deponent is competent to testify.  Alexander, 739 F.3d at 978.  See also Fed.R.Civ.P. rule 56(c)(4).

Therefore, Conway's deposition is admissible for purposes of this motion for summary judgment.  Conway's deposition is the only

9

evidence submitted by defendants to support their motion for summary judgment, and it is inadequate. Conway's deposition is not based on personal knowledge of the event at issue; instead, Conway does nothing more than relate what Cormier allegedly said to him. See Maddox v. Aetna Cas. & Sur. Co., 259 F.2d 51, 53 (5th Cir. 1958). Also, Equia v. Tompkins, 756 F.2d 1130, 1136 (5th Cir. 1985).

Cormier argues there is a genuine issue of material fact as to whether Officer Trujillo committed a sexual battery against him. However, at this point in time, the court has before it plaintiff's statements in his unverified complaints[2] and the deposition statement of another inmate who alleges the plaintiff confessed all to him. Neither party has submitted a statement of material facts (as required by Local Rules 56.1 and 56.2) or any other supporting evidence. While Cormier has not submitted any proper summary judgment evidence in rebuttal, McKenzie v. U.S. Home Corp., 704 F.2d 778, 779 (5th Cir. 1983), Officer Trujillo has not submitted any direct evidence to support his motion for summary judgment, such as his own affidavit or the results of the DNA tests.

Since defendants failed to properly support their motion for

---

[2] Had Cormier verified his complaints, they could have been considered as affidavits in opposition to the defendant's submissions under Rule 56. See , Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596 (1972); Barker v. Norman, 651 F.2d 1107, 1118 (5th Cir. 1981); Murrell v. Bennett, 615 F.2d 306, 310 n.5 (5th Cir. 1980).

summary judgment, their motion for summary judgment should be denied as to Officer Trujillo.

Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Cormier's complaint against Secretary LeBlanc be dismissed without prejudice under Fed.R.Civ.P. 4(m).

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment be GRANTED as to Warden Lance Moore and that Cormier's action against Warden Moore be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that defendants' motion for summary judgment be DENIED as to Officer Trujillo.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE**

SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,

FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL

FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 30th

day of July 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

12